In re SCHAEFFER.

Patent Appeal No. 3159.

Court of Customs and Patent Appeals.
June 12, 1933.

Munn, Anderson, Stanley, Foster & Liddy, of New York City (Harry E. Seidel, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant here seeks review of a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner, rejecting an application for patent, entitled "Change-Speed Apparatus."

The rejection by the tribunals of the Patent Office was based upon the ground that no subject-matter patentable over the prior art is defined.

Only a single claim is involved; it being No. 4: "4. In a gear for change speed devices, the combination of wheels provided with intermeshing teeth whose faces have a normal profile and height, and whose thickness is greater than that of the usual teeth, the thickness of the teeth being equal to the width of the spaces between the teeth, the said teeth having a great inclination and a width such that a tooth on one wheel begins to engage at one edge of a tooth on a companion wheel before the preceding tooth of the former has ceased to engage the edge of a complemental tooth on the companion wheel, and means for preventing every axial play in the gearing of the wheels."

The references cited are: Wagner, 1,194,904, August 15, 1916; Oster, 1,276,951, August 27, 1918.

█ It may be here stated that the brief of appellant, filed before this court, alleges that at the hearing before the Board of Appeals certain other claims were presented in the brief filed with that tribunal, with a request for their consideration. It is assigned as error before us that the Board refused to consider them.

This assignment of error is not well taken, and must be overruled. The claims are not anywhere mentioned in the record, except in the reasons for appeal to this court; the decision of the Board of Appeals gives no in-

dication of their existence; there is no intimation that any effort was, at any time, made by appellant to comply with the provisions of rule 68 of the Patent Office, and no question concerning these claims is before us in a manner which empowers this court to consider them. In re Appelburg & Gilliver, 37 F.(2d) 620, 17 C. C. P. A. 820.

The features of the claim most emphasized before us are: (a) "* * * Teeth * * * whose thickness is greater than that of the usual teeth," such thickness being defined as equaling (b) "the width of the spaces between the teeth," and (c) the "great inclination" of the teeth as combined with a "width," the result of which combining is that "a tooth on one wheel begins to engage at one edge of a tooth on a companion wheel before the preceding tooth of the former has ceased to engage the edge of a complemental tooth on the companion wheel." The last element of the claim, "means for preventing every axial play in the gearing of the wheels," is not particularly stressed here, because that is obviously taught in the patent to Oster, as stated by the Board of Appeals.

The decision of the Board of Appeals, following closely the decision and statement of the Examiner, points out the disclosure by Wagner of "very thick teeth," and states that "it is usual to make the spaces substantially equal to the thickness of the teeth although there must be some play between them to permit an easy engagement and disengagement of the teeth."

We think there is no error in this holding, and the phrase "thickness * * * greater than that of the usual teeth" is certainly too indefinite, as was held below, to teach the public anything specific. Neither can it be seen that the phrase "great inclination" teaches anything sufficiently definite to meet the requirements of the patent law.

The Board also points out that the patent to Wagner shows diagrammatically how the teeth of a spiral gear (the gear of applicant being spiral, as the drawings and specification show, although the claim does not so state) "may have several points of engagement by choosing a small angle of inclination and a sufficient width of gear."

Appellant's brief presents an interesting, indeed an instructive, argument upon the required formation of gears to perform the function claimed for his device, and suggests reasons why the construction of Wagner might not be capable of such modification as would meet those requirements, but, in our view of the matter, he is unfortunately unable to show any definite phraseology in his claim which distinguishes the two, upon pertinent features, in any patentable sense.

The court was favored with a demonstration of a device, said to be made in accordance with the claim. From this we were able, we feel, to derive an understanding of its operation helpful to our study of the issue, but the claim itself is the standard by which the court must be guided.

We are unable to discern error in the decision of the Board of Appeals.

Appellant suggests that the claim here was filed as a new claim during the prosecution of the application before the Examiner, and immediately rejected, that rejection being made final, so that appellant was "cut off from further prosecution" of the case by the final action of the Examiner, and it is intimated that this court might properly remand the case for further consideration by the Examiner, with a view to permitting an effort more clearly to define appellant's claimed invention.

As to this contention, we deem it sufficient to say, without examining any question touching the authority of this court, upon the record here presented, to do this, that we find nothing in the record which would seem to justify such a course.

The decision of the Board of Appeals is affirmed.

Affirmed.