27 C.C.P.A. (Patents)

**In re NEWTON et al.**
**Patent Appeal No. 4243.**

Court of Customs and Patent Appeals.
Feb. 26, 1940.

Roy W. Johns, of Philadelphia, Pa. (Norbert E. Birch, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office, after allowing a number of claims in appellants' application for a patent for an invention described hereinafter, rejected claims 1, 8, 9 and 10. Upon appeal to the Board of Appeals, the decision of the examiner was affirmed, and appellants have appealed here from the decision of the board.

Claims 1 and 9 are regarded as illustrative, and follow:

"1. The method of producing plastic shortening products of improved creaming qualities which comprises rapidly super-cooling 'melted shortening below its congealing point and without effecting any appreciable crystallization, withdrawing the product from such cooling treatment while still in a fluid state and before any appreciable crystallization has taken place or heat of crystallization removed, the super-cooling of the liquid product being such that the heat of crystallization will raise the temperature of the product close to its normal congealing point, and permitting the greatest amount of crystallization to occur immediately thereafter while moving the product through an unrefrigerated confined zone in an unobstructed path during which movement the product is subjected to attrition and the heat of crystallization dissipated, whereby the product rapidly sets up out of contact with the chilling medium.

"9. The method of treating supercooled shortening which comprises subjecting the supercooled fluid shortening to attrition by passing the supercooled fluid through a relatively long unrefrigerated pipe and permitting the shortening to crystallize while passing through the pipe."

The references cited are: Bollens et al., 1,911,222, May 30, 1933; Bottoms et al., 2,013,025, September 3, 1935.

The specification describes the invention in the following language: "In carrying out the present invention, the liquid or slushy shortening immediately upon being

removed from contact with a chilling medium, is pumped under pressure through a length of pipe which subjects the shortening during crystallization to an attrition process and permits dissipation of the heat of crystallization which develops from the rapid crystallization which takes place after supercooled fat has been removed from contact with the refrigerating medium."

With reference to the "length of pipe" employed by appellants and the pressure used, the specification states:

"The invention may be successfully carried out in practice by pumping the supercooled shortening through a two inch pipe from one hundred twenty feet to one hundred sixty feet in length under a pressure of eight hundred pounds per square inch.

"In practice, we prefer pressures of from two hundred pounds to twelve hundred pounds per square inch, depending upon the shortening and the size of pipe. The pipe should preferably be not less than one hundred twenty feet in length."

At this point it may be noted that all six of the allowed claims specifically call for passing the material through pipes of certain definitely stated lengths.

The examiner rejected claim 1 on the ground that the claim was not in proper form, in that it failed to define the process claimed. He concluded that a claim must do more than state results and that it must tell how to obtain the results, which, he stated, the claim failed to do.

He rejected claims 8, 9 and 10 "as indefinite in the recitation of 'a relatively long pipe.'"

The examiner also rejected all the appealed claims as being anticipated by the patent to Bottoms et al.

The Bollens et al. reference was only referred to by the examiner as disclosing the same steps as those of appellants' process up to the point where the supercooled product is withdrawn from the cooling treatment.

The Bottoms et al. patent teaches the supercooling of comestibles and the passing of the supercooled fluid through a relatively long unrefrigerated pipe where it is permitted to crystallize.

The Board of Appeals, as to claim 1, disagreed with the examiner in his holding that the applicants had failed in said claim to define the process and said: " * * * It is our view that claim 1 sets forth the steps sufficiently defining the process but

in relatively broad terms. This point is considered to relate to the matter of scope of the claim."

The board agreed with the examiner in his rejection of claim 1 on the prior art and said: "Claim 1 includes a limitation that *the supercooling of the liquid product is such that the heat of crystallization will raise the temperature of the product close to its normal congealing point*. It appears, however, as stated in the subsequent part of the claim that crystallization finally occurs. We are unable to determine why this language does not read upon the action of the Bottoms et al. tube 25 where the material enters while in fluid state and then crystallizes followed by attrition. All this appears to be true of the Bottoms et al. process. The examiner points out that the apparently critical degree of cooling referred to in the above quoted clause in claim 1 is not new with applicants but is disclosed in the terms in the patent to Bollens et al. More specifically, claim 1 would then further not be allowable since this particular known degree of cooling might be employed in the Bottoms et al. process if it should be assumed that Bottoms et al. employed a different degree of supercooling. So far as can be determined, however, the supercooling employed by Bottoms et al. anticipates that employed by applicants." (Italics ours)

The board approved the examiner's rejection of claims 8, 9 and 10 upon the ground that they were indefinite in the particulars above referred to and also agreed with the examiner that these claims failed to define any invention over the disclosure in the Bottoms et al. patent.

 We are in agreement with the conclusion reached by the Patent Office tribunals that claims 8, 9 and 10 were properly rejected as being indefinite. It is our view that appellants seek to claim by the indefinite phrase "a relatively long unrefrigerated pipe" a pipe which might or might not respond to the length and character of pipe, the use of which appellants teach in their specification. The specification teaches definiteness in the construction of the pipe and the rejected claims are broader than such teaching in that they do not definitely point out the scope of the protection appellants are seeking by the claims. On this phase of the case appellants argue:

" * * * It will be seen, therefore, that the question here under consideration is

whether or not the appellants are entitled to the allowance of claims which are not couched in terms of arithmetic.

\* \* \* \* \*

"The claims in question are directed, not to passing the material through 'just any pipe' but through a relatively long pipe in the sense in which that term is used in appellants' specification."

Appellants seem to argue that in their specification they can show the necessity of a pipe of a certain length and then couch their claims in terms broad enough to cover almost any length of pipe. This contention, of course, is so lacking in merit as to call for no extended discussion because it is well settled that limitations not in claims will not be considered even though the application disclosure would support these limitations and would support patentable claims had they been presented. In re Wait, 83 F.2d 696, 23 C.C.P.A., Patents, 1172; In re Stern, 40 F.2d 1000, 17 C.C.P.A., Patents, 1234.

A case much in point is General Electric Co. v. Wabash Appliance Corp. et al., 304 U.S. 364, 58 S.Ct. 899, 901, 82 L.Ed. 1402, where the following claim was held invalid: "25. A filament for electric incandescent lamps or other devices, composed substantially of tungsten and made up mainly of a number of comparatively large grains of such size and contour as to prevent substantial sagging and offsetting during a normal or commercially useful life for such a lamp or other device."

The court there said: "We need not inquire whether Pacz exhibited invention, or whether his product was anticipated. The claim is invalid on its face. It fails to make a disclosure sufficiently definite to satisfy the requirements of R.S. § 4888, 35 U.S.C. § 33, 35 U.S.C.A. § 33. \* \* \* Patents, whether basic or for improvements, must comply accurately and precisely with the statutory requirement as to claims of invention or discovery. \* \* \*"

█ Appellants argue that the allowance of the six claims of record suggests error on the part of the Patent Office tribunals in disallowing the four appealed claims. We have pointed out that in the six allowed claims the length of the pipe is definitely stated. It is well settled, however, that in a proceeding of this character we are not concerned with a consideration of allowed claims but only with the claims on appeal. In Re Borden, 68 F.2d 983, 984, 21 C.C.P.A., Patents, 915, we said: "We are not here concerned with the allowed claims. It is presumed that they were allowed by reason of limitations contained in them which defined patentability over the prior art in a manner not defined in the claims rejected. [Citing authorities.]"

██ Now, as to claim 1, we are not privileged, under our jurisdiction, to consider the soundness of the rejection on the part of the Primary Examiner relating to the form of the claim, since this ground of rejection was disapproved by the board. It will be noticed from the quotation from the board's opinion appearing earlier in this opinion that the board was of the opinion that certain limitations, the importance of which was stressed by appellants in claim 1, read upon the Bottoms et al. patent. The board calls attention to the fact that the examiner had pointed out that the "supercooling of the liquid product being such that the heat of crystallization will raise the temperature of the product close to its normal congealing point" was not new with the applicants but was disclosed in the patent to Bollens et al. It will be noticed that claim 1 broadly calls for moving the product "through an unrefrigerated confined zone in an unobstructed path." The "unobstructed path" is the pipe to which reference has been heretofore made. In view of our conclusion as to the indefiniteness of the term "a relatively long unrefrigerated pipe" in claims 8, 9 and 10, it would seem clear that the provision concerning the pipe in claim 1 cannot be depended upon to lend patentability to the same. The particular supercooling referred to in the above first-quoted limitation of claim 1 is not shown to be such that it might not be obtained by employing the method of Bottoms et al., even if it be assumed that Bottoms et al. employed a different degree of supercooling.

So, we conclude that claim 1 was properly rejected upon the patent to Bottoms et al., and that claims 8, 9 and 10 were properly rejected for the reason that they were indefinite and not in compliance with the statute.

The decision of the Board of Appeals is affirmed.

Affirmed.