38 C.C.P.A.(Patents)

Application of EIANE.

Patent Appeals No. 5784.

United States Court of Customs and Patent Appeals.

June 5, 1951.

Halvor Olsen Eiane, pro. per.

E. L. Reynolds, Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

Appellant has appealed from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner finally rejecting claims 4, 5, and 6, of a patent application, serial No. 733,421, filed March 4, 1947, for "Window Putty." No claims were allowed.

Claim 4 is illustrative of the subject matter and reads as follows: "4. A plastic composition in ten equal parts of solid matters to form a durable low strength grade window putty, comprised of 9 parts of finely ground chalk powder, in combination with one ½ part of finely ground brick powder from fire-baked bricks, and one ½ part of coarsely ground brick powder from firebaked bricks, and linceed oil to form a paste-like substance."

The claims relate to a putty which is stated by appellant to be strong and wear-resistant. Its constituent parts may be noted in the quoted claim.

While the claims provide for brick powder "finely ground" and "coarsely ground" there is no statement as to the particular size of such powder except it is said in the specification that the coarser particles should not exceed 1/64 of an inch in diameter. There is nothing to suggest that any of the various proportions of chalk and brick powder are to be considered as critical.

The examiner rejected the claims as being indefinite on the ground that "finely ground" and "coarsely ground" are purely relative terms and cannot indicate any particular degree of subdivision of the two brick fractions.

As a further ground of rejection the examiner relied upon the following prior art: Tall et al. (Br.) 1,485 April 5, 1881; Pages 431, 433 and 435 of Manufacturer's Practical Recipes, Jameson, Vol. 1, Lewis Jameson & Co., London, 1902.

The board affirmed the rejection by the examiner on the ground of indefiniteness and rejected the Tall et al. patent as a reference. The board further affirmed the decision of the examiner in his rejection of the claims as being unpatentable over the Jameson reference.

The Jameson reference discloses that whiting, which is another name for powdered chalk, and linseed oil are the conventional ingredients of putty and it also states that in addition to those two ingredients brick dust also may be used.

In our opinion the claims were properly rejected as being indefinite and therefore not satisfying the requirements of Section 4888 of the Revised Statutes, 35 U.S.C.A. § 33, and also the rejection on the Jameson reference, we think was proper.

It is apparent that if there was any invention at all disclosed, its presence would necessarily lie in the particular size of the brick powder particles. No definite statement as to such size appears in the application except a maximum diameter for the coarser particles.

The coarse particles have no minimum size indicated and no limit at all appears for the fine particles. Therefore, as was held below, it is impossible to learn from the original disclosure where the coarse particles stopped and the fine particles began. Certainly no one seeking to practice the alleged invention in the light of appellant's original disclosure could know the size of the particles of the brick powder without a series of experiments. We think a similar situation was presented in the case of United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 63 S.Ct. 165, 87 L.Ed. 232, which is cited in the brief of the Solicitor. Likewise, the same principle is set out in the case of In re Jennings, 133 F.2d 906, 30 C.C.P.A., Patents, 887; In re Newton, 110 F.2d 110, 27 C.C.P.A., Patents, 914; and In re Schaeffer, 65 F.2d 474, 20 C.C.P.A., Patents, 1208. The dependence of the claims on the indefinite and indeterminate difference between the coarse and fine particles, in our opinion, renders the claims indefinite and therefore unpatentable.

In view of what has been said, it is not necessary to discuss in detail the question of invention of the claims over the Jameson publication.

The decision of the Board of Appeals is affirmed.

Affirmed.